819 F.2d 1172
 125 L.R.R.M. (BNA) 2564, 260 U.S.App.D.C.
373, 55 USLW 2703
 RAILWAY LABOR EXECUTIVES' ASSOCIATION, Petitioner,
v.
INTERSTATE COMMERCE COMMISSION and the United States of
America, Respondents,
Rochester and Southern Railroad, Inc., Baltimore and Ohio
Railroad Company, et al., Intervenors.
 No. 86-1498.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued May 7, 1987.
Decided June 2, 1987.
 
 Richard S. Edelman, with whom John O'B. Clarke, Jr. was on the brief, for petitioner. William G. Mahoney and Kimberly A. Madigan also entered appearances for petitioner.
 Louis Mackall, Atty., I.C.C., with whom Robert S. Burk, General Counsel, John J. McCarthy, Jr., Deputy Associate General Counsel, I.C.C., John J. Powers III and Robert J. Wiggers, Attys., Dept. of Justice, were on the brief, for respondents.
 
 
 1
 Peter J. Shudtz, Lawrence H. Richmond, and Fred G. Aten, Jr. were on the joint brief, for intervenors.
 
 
 2
 Teresa D. Johnson also entered an appearance, for intervenor, Rochester and Southern Railroad, Inc.
 
 
 3
 Before EDWARDS and SILBERMAN, Circuit Judges, and Senior District Judge PARKER,* United States District Court for the District of Columbia.
 
 
 4
 Opinion for the Court filed by Circuit Judge EDWARDS.
 
 HARRY T. EDWARDS, Circuit Judge:
 
 5
 The petitioner, an organization representing the presidents of various rail labor unions, asks us to set aside an order of the Interstate Commerce Commission ("ICC" or the "Commission") granting an exemption under 49 U.S.C. Sec. 10505 (1982) from prior approval requirements to a noncarrier acquiring 103 miles of a marginally profitable rail line together with 14.3 miles of incidental trackage rights. See Rochester & Southern R.R., Inc. and Genesee & Wyoming Indus., Inc.--Exemption from 49 U.S.C. 10901, 11301, and 11343, Finance Docket No. 30779 (June 27, 1986), reprinted in Joint Appendix 87. The acquirer, the Rochester and Southern Railroad, Inc. ("RS"), is a wholly-owned subsidiary of Genesee and Wyoming Industries, Inc. ("GWI"), which also owns two rail carriers that will benefit from the integrated trackage system resulting from the acquisition. The four corporations share some common officers and directors.
 
 
 6
 The ICC determined that RS was an independent corporate entity, rejecting the petitioner's argument that GWI was the true acquiring entity in the transaction. It therefore treated the transaction as an acquisition by a noncarrier subject to 49 U.S.C. Sec. 10901 (1982), under which labor protection is discretionary with the Commission. Had the Commission found that GWI, the owner of two existing carriers, was the true acquiring entity, the transaction would have been governed instead by 49 U.S.C. Sec. 11343 (1982), which triggers the mandatory labor protection provisions of 49 U.S.C. Sec. 11347 (1982). The petitioner contends that (1) the ICC erred in failing to treat RS and GWI as a single entity, and that (2) even if the ICC were correct in treating RS as a separate entity, the Commission should still have applied section 11343 to the trackage rights transaction. We reject both contentions.
 
 
 7
 On the factual record before us, the ICC's decision to treat RS as independent of GWI was reasonable. Where, as here, a subsidiary is financially independent of its parent corporation and is not financially guaranteed by the parent, we agree with the Second Circuit's decision in Railway Labor Executives' Association v. United States, 791 F.2d 994, 1006 (2d Cir.1986), that the ICC is not compelled to ignore corporate formalities, but may instead decide each case on its own facts, treating related entities as separate where, in its judgment, the facts demonstrate sufficient indicia of independence. Because these two factual prerequisites were satisfied, we hold that the ICC properly engaged in an "indicia of independence" analysis in this case. Based on the detailed record before us, we also find that the Commission's application of this analysis to the specific facts of this case was reasonable.
 
 
 8
 The petitioner's second argument, that acquisitions of incidental trackage rights by noncarriers are governed by section 11343 instead of section 10901, is foreclosed by our decision in CMC Real Estate Corp. v. ICC, 807 F.2d 1025, 1037 (D.C.Cir.1986), in which we held that section 11343 applies only to transactions integrating two or more existing carriers.
 
 
 9
 Thus, imposition of labor protection was discretionary in this case. Because the petitioner has failed to demonstrate that the ICC abused its discretion in deciding not to impose such protection, we deny the petition for review.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. Sec. 294(d) (1982)